# EXHIBIT B-1

Case 4:21-cv-02757   Document 1-3   Filed on 08/23/21 in TXSD   Page 2 of 7

7/16/2021 6:15 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55447184
By: Adiliani Solis
Filed: 7/16/2021 6:15 PM

CAUSE NO._____

| | | |
|---|---|---|
| ERICKZAEL HERNANDEZ AND<br>YESSENIA BECERRIL RODRIGUEZ | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| V. | § § | \_\_\_ JUDICIAL DISTRICT |
| PENSKE LEASING AND RENTAL<br>COMPANY AND SHAWN JENKINS | § § § § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, Erickzael Hernandez and Yessenia Becerril Rodriguez, hereinafter called Plaintiffs, complaining of Penske Leasing and Rental Company ("Penske") and Shawn Jenkins ("Jenkins"), hereinafter called Defendants, and for cause of action shows unto the Court the following:

## DISCOVERY CONTROL PLAN LEVEL

1. Plaintiffs intend that discovery be conducted under Discovery Level 2.

## PARTIES AND SERVICE

2. Plaintiff, Erickzael Hernandez, is an individual who resides in Harris County, Texas.

3. Plaintiff, Yessenia Becerril Rodriguez, is an individual who resides in Harris County, Texas.

4. Defendant, Penske Leasing and Rental Company, is a corporation and may be served with process through it's registered agent, Corporation Service Company DBA CSC-

1

Lawyers Inco., located at 211 E 7th Street, Suite 620, Austin, Texas 78701 or wherever they may be found.

5. Defendant, Shawn Jenkins, is an individual who is a resident of Mississippi, and may be served with process at his home at the following address: 308 N Jackson Street, Brookhaven, Mississippi 39601. Service of said Defendant as described above can be affected by personal delivery.

## JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this court.

7. Plaintiffs seek only monetary relief of $250,000.00 and not less than $1,000,000.00 or less including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

8. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this County.

## FACTS

9. On or about October 13, 2020, Defendant Jenkins was operating an 18-wheeler owned by Defendant Penske that collided with the Plaintiffs' vehicle. At all times relevant to the accident, Defendant Jenkins was employed by and within the scoped of his employment with Defendant Penske. Defendant Jenkins failed to control speed, keep a proper look out for traffic, failed to yield and keep a safe distance from other vehicle, failed to yield right of way, and collided with Plaintiff Erickzael Hernandez's vehicle causing a serious collision at the intersection of Pinemont Drive and Langfield Road in Harris County, Texas. Defendant was negligent while operating a motor vehicle and the negligence of Defendant was the actual and

2

proximate cause of Plaintiffs' injuries and damages complained of in this suit.

## PLAINTIFFS' CLAIM OF
## NEGLIGENCE AGAINST DEFENDANTS

10. On the occasion in question, Defendant's driver had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

11. Plaintiffs' injuries were proximately caused by Defendant's driver's negligent, careless, and reckless disregard of said duty.

12. The negligent, careless, and reckless disregard of duty of Defendant's Driver Jenkins consisted of, but is not limited to, the following acts and omissions:

   A. In that Defendant failed to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   B. In that Defendant failed to maintain a clear and reasonable distance between Plaintiffs' motor vehicle and Defendant's motor vehicle to bring his motor vehicle to a safe stop without colliding into Plaintiffs' motor vehicle or any vehicle in between;

   C. In that Defendant failed to keep such distance away from Plaintiffs' motor vehicle as a person using ordinary prudent care would have done;

   D. In that Defendant was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; and

   E. In that Defendant failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply her brakes.

13. Defendant Penske is legally responsible to Plaintiffs for the negligent conduct of Defendant's driver under the legal doctrines of *respondeat* superior, agency, and/or ostensible agency, because Defendant's driver was, at all times material hereto, an agent, ostensible agent, servant, and/or employee of Penske and was acting within the course and scope of such agency

3

or employment at the time of the collision made the basis of this action. Namely, Defendant's driver was operating an 18-wheeler truck owned by Penske. As a result, thereof, Defendant Penske is liable for all negligence of Defendant's driver.

14. Defendant Penske was also negligent in hiring an incompetent or unfit employee and/or in failing to properly train, instruct, and supervise Defendant's driver. Defendant Penske failed to provide the proper training and instruction to Defendant's driver which would have provided him/her with the proper skills and knowledge to avoid the collision made the basis of this lawsuit. Defendant Penske's negligent hiring or and failure to properly instruct and train its driver was a proximate cause of the accident and Plaintiffs' resulting injuries and damages.

## PLAINTIFFS' CLAIM OF NEGLIGENCE PER SE AGAINST DEFENDANTS

15. Plaintiffs would further show that the Defendant's driver, Shawn Jenkins, was in violation of the traffic laws of the State of Texas as follows:

   a. Violations of the Texas Transportation Code, § 544.004;

   b. Violations of the Texas Transportation Code, § 544.007;

   c. Violations of the Texas Transportation Code, § 545.151;

   d. Violations of the Texas Transportation Code, § 545.352;

   e. Violations of the Texas Transportation Code, § 545.401;

16. The above acts or omissions by Defendant's driver, Jenkins, singularly or collectively, constituted negligence as a matter of law proximately causing Plaintiffs' injuries and damages.

## DAMAGES FOR PLAINTIFF

17. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs were caused to incur pain and suffering and to incur the following damages:

4

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Physical pain and suffering in the future;

    E.    Physical impairment in the past;

    F.    Physical impairment which, in all reasonable probability, will be suffered in the future;

    G.    Loss of earnings in the past;

    H.    Loss of earning capacity which will, in all probability, be incurred in the future;

    I.    Disfigurement in the past;

    J.    Disfigurement in the future;

    K.    Property damages

    L.    Mental anguish in the past; and

    M.    Mental anguish in the future.

## JURY TRIAL

18.    Plaintiffs respectfully request a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury

through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

**Basu Law Firm, PLLC**

By: /s/Annie Basu
_____
Annie Basu
State Bar No. 24047858
Jordan Sloane
State Bar No. 24118537
Adelyn Torres
State Bar No. 24115833
Email:  info@basulaw.com
PO Box 550496
Houston, Texas 77255
Tel. 713-460-2673
Fax. 713-690-1508
**Attorney for Plaintiffs**